**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MARK HANNABURY**

      **Plaintiff,**                                        **CLASS ACTION**

              vs.                                                Civ 14-6126
                                                                **Complaint**

**HILTON GRAND VACATIONS COMPANY, LLC**

      **Defendant.**

---

Plaintiff, Mark Hannabury, individually, and on behalf of all others similarly situated, as class representative, *pro se*, and by co-counsel, the Law Offices of Charles W. Rogers, alleges as follows:

## NATURE OF THE ACTION

1. This is a proposed class action wherein Plaintiff alleges on behalf of himself and other similarly situated people that they are entitled to compensation for illegal telephone calls made to their landlines and to their cellular telephones in violation of Telephone Consumer Protection Act of 1991 ("TCPA" ), 47 U.S.C. § 227.

## THE PARTIES

2. Plaintiff, Mark Hannabury is an adult individual residing in Pittsford, NY.

3. Plaintiff is an attorney licensed in the State of Connecticut.

4. Upon information and belief, Hilton Grand Vacations Company, LLC (HGV) is a limited liability company organized under the laws of Delaware with its principal place of business in Florida.

5. Upon information and belief, HGV is a subsidiary of Hilton Worldwide Holdings, Inc (HWH).

6. Upon information and belief Defendant has regional offices in the state of New York

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 inasmuch as this is an action arising under the laws of the United States.

8. Additionally this matter in controversy exceeds $5,000,000, as each of the thousands of potential class members is entitled to up to $3,000 in statutory damages for each call that has violated both the solicitation and the robo-call rules of the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332( d)(2).

9. Additionally, Plaintiff alleges that he is a resident of the state of New York and that Defendant HGV is a limited liability company organized under the laws of Delaware with its principal place of business is in Florida. The proposed classes will comprise members from many different states so that jurisdiction is proper under the Class Action Fairness Act of 2005.

10. Venue in this district is proper pursuant to 18 USC 1391 (b) because the events giving rise to the named Plaintiff's claims occurred in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

11. The Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 was enacted in response to "[v]oluminous consumer complaints about abuses of

telephone technology." *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740, 744, (2012). In *Mims*, the Supreme Court summarized Congress' findings on the matter: as follows:

"In enacting the TCPA, Congress made several findings . . . .

> 'Unrestricted telemarketing,' Congress determined, 'can be an intrusive invasion of privacy.' …. In particular, Congress reported, '[m]any consumers are outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their homes.' … '[A]utomated or prerecorded telephone calls' made to private residences, Congress found, were rightly regarded by recipients as 'an invasion of privacy.'"

12. The purpose of the act is not primarily to compensate individuals for their individual damages when they receive such calls. The primary purpose of the TCPA is to halt these practices.

13. In particular, Congress designed the TCPA to make unlawful, and thereby halt, four practices: first, the Act makes it unlawful to use an automatic telephone dialing system [("autodialer")] or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any . . . cellular telephone, or other service for which the receiver is charged for the call. See 47 U.S.C. § 227(b)(1)(A); second, the TCPA forbids using artificial or prerecorded voice messages to call residential telephone lines without prior express consent. §227(b)(1)(B); third, the Act proscribes sending unsolicited advertisements to fax machines. § 227(b) (1)(C); fourth, it bans using automatic telephone dialing systems to engage two or more of a business' telephone lines simultaneously. § 227(b)(1)(D).  Id.

14. The TCPA provides for statutory damages of $500 per violation of the robo call restrictions. These damages may be increased to $1500 for a willful violation. Injunctive relief is also authorized. 47 U.S.C. §227(b)(3).

15. The TCPA also provides, among other things, for the establishment of a National Do Not Call Registry and provides that a person who has registered a phone number for 30 days or more and who has received more than one telephone solicitation within any 12 month period may, with certain exceptions, bring an appropriate action.   47 U.S.C. § 227(c) 4 and 47 C.F.R. § 64.1200(c)(2) 47 U.S.C. § 227(c)(5). The act provides for up to $500 statutory damages per solicitation call which may be trebled if the court finds that the Defendant acted willfully or knowingly. Injunctive relief is also authorized.

16. Effective October 16, 2013 the FCC amended the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, (Amended FCC Rule) to provide, among other things, that telemarketers now have to obtain a consumer's written consent before making robo calls to cell phones and, secondly, the Amended Rule eliminated the so-called established business relationship exception for robo calls.

PRIVIOUS LAWSUIT

17. On March 9, 2012 several Plaintiffs brought a putative class action against the Defendant based upon largely the same conduct described below, although the class definitions in that case were broader than they are in this one. *Connelly et al v. Hilton Grand Vacations Company, LLC* (S,D Ca 2012), 3:12-cv-00599-JLS-KSC) (*Connelly* Action)

18. On March 6, 2014, the court dismissed the *Connelly* action with prejudice after having denied the Plaintiffs' motion for class certification.

19. According to the joint motion to dismiss that resulted in the dismissal, the parties apparently intend to attempt to resurrect the case in the event that the Court of Appeals reverses the trial court's certification ruling. However, the case is terminated by the voluntary dismissal. See, *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239 (3rd Cir.2013)

## FACTS

20. The Defendant is in the business of owning and marketing timeshare properties throughout the world and in the state of New York.

21. On information and belief, Defendant markets timeshares primarily by telephoning individuals who have provided their phone number either to a different subsidiary of HWH or to Hilton HHonors.

22. Hilton HHonors a guest loyalty program operated by HWH in which frequent guests of HWH's subsidiaries can accumulate points and airline miles.

23. On March 5 and March 6 of 2014 the Defendant placed a calls to Plaintiff's cell phone.

24. Both of the calls were for the purpose of soliciting the sale of Defendant's timeshares.

25. On both calls, the caller stated that the Defendant was calling people who had "stayed with us" within the last year.

26. Both calls were made to a cell phone owned by the Plaintiff that had been registered on the national do not call registry for more than 30 days prior to the placement of the calls.

27. None of the exceptions permitting solicitation calls to phones registered on the national Do Not call Registry are applicable.

28. Upon information and belief, both of the calls were made utilizing a device that had the capacity for auto dialing.

29. None of the exceptions permitting robo-call calls to cell phones are applicable.

30. Within the last 18 months, Plaintiff has stayed at one or more properties owned by a company having the same parent company as the Defendant.

31. Plaintiff has never stayed at a property owned by the Defendant or, upon information and belief, has never had any business dealings with the Defendant in the past

32. Upon information belief, the Defendant does not own or operate hotels.

33. Plaintiff, from time to time, has stayed at hotels operated by one or more different subsidiaries owned by HWH.

34. Plaintiff became a member of Hilton HHonors in approximately 1995.

35. Plaintiff never provided any cell phone number to Hilton HHonors

36. According to information provided to the Plaintiff by HHonors, at the time of the calls in question, Plaintiff's Hilton HHonors membership had been inactive for approximately 10 years or more.

37. In the *Connelly* action the court denied class certification primarily because of a myriad of issues pertaining to the circumstances surrounding the provision of

express consent to Hilton HHonors and to Hotels operated by other Hilton subsidiaries.

38. In order to avoid a similar problem in this case, Plaintiff proposes to exclude individuals who were members of HHonors as to calls placed prior to the effective date of the FCC Amended Rule.

## CLASS ALLEGATIONS

39. Plaintiff brings this action as a proposed class action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

40. Plaintiff proposes two subclasses in order to provide effective relief and an effective deterrent.

41. Proposed Subclass A (The Solicitation Subclass) is defined as: All those persons within the United States who received two or more telephone solicitations from the Defendant to a residential landline or to a cell phone that had been registered on the Do Not Call list for at least 30 days prior to the call, without their express consent, at any time within the class period, excluding- as to calls placed prior to October 16, 2013 (the effective date of the Amended FCC Rules) - Hilton HHonors members.

42. . Proposed Subclass B (The Robocall Subclass). is defined as follows: All those persons within the United States who received one or more telephone calls from the Defendant to a cellular telephone where the call was made using an automatic telephone dialing system, without their express consent, at any time within the class period, excluding - as to calls placed prior to October 16, 2013 (the effective date of the Amended FCC Rules) - Hilton HHonors members.

43. The persons in both Subclasses identified above, are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of Defendant. Upon information and belief, there are more than 5000 members of both subclasses.

44. There are questions of law and fact common to each subclass which predominate over any questions affecting only individual members.

45. The claim of the representative parties are typical of the claims of each subclass. The representative parties will fairly and adequately protect the interests of the each subclass. The Plaintiff is acting as *pro se* co-counsel and purported class representative. Plaintiff has also acted as co-counsel with The Law Office of Charles W. Rogers on other class actions. While there are opinions that this dual capacity presents an untenable conflict, Plaintiff respectfully disagrees, at least within the facts of this case. Nevertheless, Plaintiff may seek either alternate class counsel or a substitute class representative upon moving for certification.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Defendant has acted or refused to act on grounds generally applicable to each subclass, thereby making appropriate relief respect to the classes as a whole.

47. There are questions of law and fact common to each subclass which predominate over any questions solely affecting individual members of the respective classes including:

48. With respect to the Solicitation Subclass A:

- Whether Defendant placed calls to protected residential telephones or cellular phones.

- Whether, for calls not subject to the Amended FCC Rule, the class members gave express or implied consent to receive such calls pursuant to the rule applicable at the time Defendant placed the call.

- Whether for calls subject to the Amended FCC Rule, whether the recipients provided express written consent.

- Whether violations by the Defendant were willful or knowing.

49. With respect to the robo-call subclass

- Whether Defendant placed calls to cellular telephones using a device that had the capacity for auto dialing.

- Whether, for calls not subject to the Amended Rule effective, the class members gave express or implied consent receive such calls pursuant to the rule applicable at the time Defendant placed the call.

- Whether for calls subject to the Amended FCC Rule, the recipients provided express written consent,

- Whether violations by the Defendant were willful or knowing.

THE CLASS PERIOD

50. The statute of limitations should be tolled for the period during which the *Connelly* action was pending. This results in an additional one year, eleven

months and twenty six days being added to the four-year statute of limitations applicable to TCPA actions.

51. Accordingly, the class period is five years, eleven months, and twenty six days prior to the filing of this cause of action.

## FIRST CLAIM FOR RELIEF WILLFUL ILLEGAL SOLICITAION

52. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

54. . As a result of Defendant's knowing and/or willful violations of the TCPA Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

55. Plaintiff and all Class members are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

56. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF ILLEGAL SOLICITAION

57. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

58. The foregoing acts and omissions of Defendant constitute violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

59. As a result of Defendant's violations of the TCPA Plaintiff and each member of the Class is entitled to treble damages of up to $500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

60. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF WILLFUL ROBO-CALLING

61. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

62. The foregoing acts and omissions, and in particular, the placing of calls utilizing equipment that has the capacity for auto dialing constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

63. . As a result of Defendant's knowing and/or willful violations of the TCPA Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

64. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

65. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

66. . As a result of Defendant's violations of the TCPA Plaintiff and each member of the Class is entitled to treble damages of up to $500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

67. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF ILLEGAL ROBO-CALLING

68. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

69. The foregoing acts and omissions, and in particular, the placing of calls utilizing equipment that has the capacity for auto dialing constitute violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

70. . As a result of Defendant's violations of the TCPA Plaintiff and each member of the Class is entitled to damages of 500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

71. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

72. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

73. . As a result of Defendant's violations of the TCPA Plaintiff and each member of the Class is entitled to treble damages of up to $500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

74. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

PRAYER FOR RELIEF

75. WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

76. Declare Defendants' conduct complained of herein to be in violation of TCPA.

77. Award the Class members statutory damages pursuant to the TCPA.

78. Award the Class members treble damages because of Defendants' willful or knowing violations of the TCPA.

79. Award the Class members the costs of this action together with reasonable attorneys' fees; and such other and further relief as this Court deems necessary and proper.

80. Enjoining the Defendant from making any solicitations to telephones on the Do Not Call registry unless it has obtained prior written consent to do so.

81. Enjoining the Defendant from making any telephone call to cellular telephones using any equipment that has the capacity, whether utilized for that particular call or not, for autodialing, unless Defendant has obtained prior written consent to make such a call.

DEMAND FOR TRIAL BY JURY

82. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, NY

March 13, 2014
Respectfully submitted,
By:

__/s/ Charles W. Rogers__

Charles W. Rogers
Phone: (585) 454-2338
45 Exchange Street
Suite 825
Rochester, NY
14614
Co-counsel for the Plaintiff
   1.